# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 6, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANK JEFF BERTRAND,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0393**  (BOR Appeal No. 2046295)
(Claim No. 2010130536)

**ALADDIN SIGNS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank Jeff Bertrand, by Sue Anne Howard, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aladdin Signs, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2012, in which the Board reversed an August 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted Mr. Bertrand's request for attorney's fees incurred in the protest of the claims administrator's April 21, 2010, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Bertrand worked for Aladdin Signs, Inc. as an electrical technician. On March 15, 2010, he was taking apart a parade float made of steel cages. While pulling one of the cages off a forklift, he injured his lower back. Mr. Bertrand filed an application for workers' compensation benefits based on this injury. On April 21, 2010, the claims administrator rejected the claim, stating that Mr. Bertrand's disability was not due to an injury he received in the course of and resulting from his employment. The claims administrator's decision was eventually reversed by

1

the Office of Judges on August 10, 2010, and the claim was held compensable for a low back sprain.

On March 16, 2011, Mr. Bertrand filed a petition for attorney's fees incurred in overturning the claims administrator's April 21, 2010, decision. Mr. Bertrand argued that in rejecting his application for benefits the claims administrator acted unreasonably and under West Virginia Code § 23-2C-21(c) (2009) he was entitled to reasonable attorney's fees incurred in obtaining a reversal of the decision. On August 10, 2011, the Office of Judges granted Mr. Bertrand's request for attorney's fees. The Board of Review, however, reversed the Office of Judges' Order on February 27, 2012, leading Mr. Bertrand to appeal.

The Office of Judges concluded that the reason the claims administrator gave for denying Mr. Bertrand's application for benefits was unreasonable based on the record that existed at the time of the decision. The Office of Judges determined that Mr. Bertrand was entitled to reasonable attorney's fees incurred in seeking a reversal of that decision. The Office of Judges found that the claims administrator denied the claim because Mr. Bertrand did not receive an injury in the course of and resulting from his employment. The Office of Judges determined that this was unreasonable because there was no evidence in the record that Mr. Bertrand was not injured at work.

The Board of Review reversed the Order of the Office of Judges and concluded that Mr. Bertrand was not entitled to attorney's fees. The Board of Review concluded that the claims administrator's decision was not unreasonable at the time of the initial rejection of the claim. The Board of Review found that the evidence available at the time of the rejection placed in doubt Mr. Bertrand's assertions that he was injured on March 15, 2010. The Board of Review also found that Mr. Bertrand had a history of prior back problems.

The decision of the Board of Review was based on the Board's material mischaracterization of the evidentiary record. The evidence in the record shows that the claims administrator was unreasonable when it denied Mr. Bertrand's application for workers' compensation benefits. There was no evidence in the record at the time of the denial that Mr. Bertrand did not receive an injury in the course of and resulting from his employment. The fact that Mr. Bertrand had prior back problems was not a sufficient factual basis for rejecting Mr. Bertrand's claim. Mr. Bertrand is entitled to reasonable attorney's fees incurred in obtaining a reversal of the claims administrator's April 21, 2010, decision.

For the foregoing reasons, we find that the decision of the Board of Review is based on its material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded for a decision reinstating the Office of Judges' August 10, 2011, Order granting Mr. Bertrand attorney's fees incurred in obtaining a reversal of the claims administrator's April 21, 2010, decision.

Reversed and remanded.

**ISSUED:   February 6, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Allen H. Loughry II